[Cite as *State v. Branco*, 2021-Ohio-385.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | | Hon. W. Scott Gwin, J. |
| | : | | Hon. John W. Wise, J. |
| -vs- | : | | |
| | : | | |
| RAFEAL V. BRANCO, | : | | Case No. 2020CA00153 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
                                                            of Common Pleas, Case No.
                                                            91CR1164(B)

JUDGMENT:                                       Affirmed

DATE OF JUDGMENT:                         February 11, 2021

APPEARANCES:

For Plaintiff-Appellee                            For Defendant-Appellant

KYLE L. STONE                                   RAFEAL V. BRANCO, Pro se
Prosecuting Attorney                          Inmate No. A234-003
Stark County, Ohio                             Richland Correctional Institution
                                                            P.O. Box 8107
By: KATHLEEN O. TATARSKY            Mansfield, Ohio 44905
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South – Suite 510
Canton, Ohio 44702-1413

*Baldwin, J.*

**{¶1}** Defendant-appellant Rafeal V. Branco appeals from the October 2, 2020 Judgment Entry of the Stark County Court of Common Pleas overruling his Motion for Leave to File a Motion for New Trial and Motion for New Trial. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** In 1991, appellant was convicted and sentenced, following a jury verdict of guilty, on one count of aggravated murder, one count of aggravated burglary, one count of aggravated robbery, and one count of kidnapping, in violation of R.C. 2903.01(B), 2911.11, 2911.01, and 2905.01, respectively. The facts, as set forth in this Court's Opinion in *State v. Branco*, 5th Dist. Stark No. CA-8618, 1992 WL 147437, are as follows.

**{¶3}** The charges against appellant arise out of the strangulation death of 88 year-old Dimitru Cook in the early morning hours of February 17, 1991. Appellant, along with Anton L. Wyche and a juvenile, Edgrick Shipman, broke into Cook's residence, bound and gagged Cook, ransacked the entire home, and strangled Cook to death before leaving.[1]

**{¶4}** Police received tips that these three persons were involved in the crimes at Cook's residence. Detective Robert Anderson of the Alliance Police Department stopped at Shipman's home and talked with his grandmother. Two hours later, Shipman's sister,

---

[1] Wyche pled guilty to charges of aggravated burglary and aggravated robbery and was awaiting sentence by the time of appellant's trial. Wyche testified at appellant's trial as a State's witness. Edgrick Shipman was charged with one count of aggravated murder, one count of aggravated burglary, one count of aggravated robbery, and one count of kidnapping. He was tried by a jury and found guilty on all charges except the aggravated murder. This court affirmed Shipman's conviction in *State v. Shipman*, Stark App. No. 8681, 1992 WL 127102 unreported (May 18, 1992).

Buffy West, called police and said that her boyfriend, Anton Wyche, wanted to tell what really happened on the night of the murder. T.Vol. II, 52-54.

{¶5} Wyche told police that appellant had committed the burglary and killing, and had tied Cook up. Wyche also stated that Shipman had returned after talking with the police and told them that the police were interested in shoe prints because one had been found on a door to Cook's residence. Appellant had Wyche and West drive him to work, when he threw a pair of shoes in a stream. Wyche and West showed police the location and the shoes were recovered. Wyche and West also drove appellant to a grocery store where he purchased some super glue. Appellant then glued his fingers to a beer bottle and then ripped them from the bottle in an effort to destroy his fingerprints. T.Vol. II, 55-56. West's statement to police corroborated Wyche's statements about appellant's effort to destroy evidence.

{¶6} Next police contacted appellant, who confessed to breaking into Cook's residence with Shipman and Wyche. He stated that Wyche served as a look-out and helped collect the property, while he and Shipman took care of the old man. He denied killing Cook. Thereafter, appellant was arrested. Appellant's taped confession was played to the jury and a transcript of the taped statement was admitted into evidence.

{¶7} Wyche testified at trial that during the evening hours of Saturday, February 16, 1991, he was home playing cards and drinking with appellant and Shipman. T.Vol. III, 49. Appellant approached Wyche and told him now was a good time to rob Cook. T.Vol.III, 50. Appellant was moving to another residence the next day and had no money for furniture, so appellant wanted to steal furniture from Cook. T.Vol.III, 50-51. The three men went to Cook's home and appellant and Shipman both kicked in the front door. Appellant

had Wyche's unloaded gun. T.Vol.III, 53. Cook was walking toward the front door when the door was kicked. Appellant hit Cook and knocked him down. Appellant then told Wyche to close the door and curtains.

**{¶8}** Appellant then took Cook into a bedroom and tied Cook's hands behind his back. He also tied a red bathrobe belt around Cook's mouth. T.Vol.III, 54.

**{¶9}** Wyche and Shipman then went through the house ripping it up looking for valuables. They both went to the basement, and when they came up appellant was dragging Cook around by his white thermal undershirt. T.Vol.III, 56. Appellant then picked Cook up and laid him in the hallway in front of the bathroom. When Cook looked up at appellant, appellant hit Cook in the face. T.Vol.III, 56-57. While appellant was tying Cook's hands and legs, Shipman grabbed a chair and said, "Let's kill this fucker!" T.Vol.III, 57.

**{¶10}** Wyche testified that he grabbed the bag of stolen items and left the house. *Id.* Wyche waited in the alley and after about fifteen minutes appellant and Shipman came out of Cook's house carrying a television set. The trio carried the stolen items and left them behind a house. Upon returning home, appellant told Buffy West everything that had happened. T.Vol.III, 63. He told her that after breaking into Cook's house, he had tied up Cook, put him in the bathtub, and that Cook was alive when they left. T.Vol.III, 68.

**{¶11}** Appellant presented no witnesses on his behalf and did not testify at trial. After appellant was convicted following a jury trial, appellant was sentenced to a term of life imprisonment, with parole eligibility after twenty years, for the aggravated murder conviction, as well as consecutive indeterminate prison terms of ten to twenty-five years

for the aggravated burglary and aggravated robbery convictions, to be imposed consecutively to the aforesaid life imprisonment term.

{¶12} Appellant appealed and his conviction was affirmed on June 8, 1992 in *State v. Branco*, 5th Dist. Stark No. CA-8618, 1992 WL 147437. Appellant thereafter unsuccessfully sought a delayed appeal to the Ohio Supreme Court. See *State v. Branco*, 71 Ohio St.3d 1413, 641 N.E.2d 1111 (1994). In the meantime, appellant filed a petition for post-conviction relief, which the trial court denied in 1993.

{¶13} On December 4, 2009, appellant filed a pro se motion to "correct void judgment" or reconsider his aggravated murder conviction and sentence, alleging that the jury form was defective under R.C. 2945.75. The State filed a response on March 17, 2010. On April 12, 2010, the trial court denied appellant's motion.

{¶14} Appellant then appealed. This Court affirmed the judgment of the trial court in *State v. Branco*, 5th Dist. No.2010–CA–00098, 2010–Ohio-3856.

{¶15} On June 29, 2020, appellant filed a Motion for Leave to File a Motion for New Trial and a Motion for New Trial pursuant to Crim.R. 33(A)(2) and (A)(6). Appellant argued that Anton Wyche lied about the existence of a plea agreement between him and the State of Ohio and that the prosecution violated *Brady,* committing misconduct, in suborning Wyche's perjury and not disclosing the existence of this agreement to the defense. Appellee filed a response to appellant's motions on September 29, 2020. Pursuant to a Judgment Entry filed on October 2, 2020, the trial court overruled appellant's motions.

{¶16} Appellant now appeals, raising the following assignment of error on appeal:

**{¶17}** "I. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION, AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS, WHEN IT DENIED APPELLANT'S MOTION FOR LEAVE WITHOUT FINDING APPELLANT FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE EVIDENCE SOUGHT TO BE INTRODUCED IN HIS MOTION FOR NEW TRIAL. WHEN THE EVIDENCE ON IT'S (SIC) FACE DEMONSTRATED SUCH UNAVOIDABLENESS, AND BY NOT HOLDING A HEARING."

I

**{¶18}** Appellant, in his motion, argues that the trial court erred when it overruled his Motion for Leave to File Motion for New Trial and Motion for New Trial.

**{¶19}** Appellant, in the case sub judice, filed claims under Crim.R. 33(A)(2) (prosecutorial misconduct) and Crim.R. 33(A)(6) (newly discovered evidence). Claims under Crim.R. 33(A)(2) must be filed within 14 days after the jury's verdict was rendered. Appellant's trial was in 1991, so his motion is outside of this 14 day period. In accordance with Crim.R. 33(B), appellant must show by clear and convincing evidence that he was unavoidably prevented from filing his motion for a new trial within this 14 day period.

**{¶20}** Claims under Crim.R. 33(A)(6) must be filed within 120 days of the jury's verdict, unless the movant shows by clear and convincing proof that the movant was unavoidably prevented "from the discovery of the evidence upon which he must rely."

**{¶21}** Appellant, in his motion for leave to file a motion for new trial, stated that he is relying on judgment entries of Wyche's sentencing and a partial transcript of Wyche's trial testimony. As noted by appellant, these items were available in 1991. The Judgment Entry modifying Wyche's sentence that appellant attaches to his brief was filed on

September 26, 1991. Appellant has failed to explain why he was unavoidably prevented from discovering the same and has failed to satisfy his burden of demonstrating by clear and convincing evidence that he was unavoidably prevented from discovery of these public records.

{¶22} We find, therefore, that the trial court did not err in overruling appellant's Motion for Leave to File Motion for New Trial and Motion for New Trial.[2]

{¶23} Appellant's sole assignment of error is, therefore, overruled.

{¶24} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Gwin, J. and

Wise, John, J. concur.

---

[2] The trial court implicitly found that appellant had failed to demonstrate that he was unavoidably prevented from the discovery of the evidence upon which he relies, when, in its October 2, 2020 Judgment Entry, it overruled appellant's motion for the reasons stated in the State's brief.